

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00135-CV

**KIMBER DUNKELBERG, INDIVIDUALLY AND AS TRUSTEE OF THE DUNKELBERG LIVING TRUST; AND WILLIAM DUNKELBERG, INDIVIDUALLY AND AS TRUSTEE OF THE DUNKELBERG LIVING TRUST, APPELLANTS**

**V.**

**MATTIE ANN CHANDLER, APPELLEE**

On Appeal from the 97th District Court
Clay County, Texas
Trial Court No. 24-039-DCCV-0086, Honorable Trish C. Byars, Presiding

March 24, 2026

MEMORANDUM OPINION

Before PARKER, C.J. and DOSS and YARBROUGH, JJ.

Appellants, Kimber Dunkelberg, Individually and as Trustee of the Dunkelberg Living Trust; and William Dunkelberg, Individually and as Trustee of the Dunkelberg Living Trust, appeal from the trial court's *Order Granting Plaintiff's Motion to Sever* and *Order Granting Plaintiff's Partial Traditional Motion for Summary Judgment Regarding Trespass*

*to Try Title*.[1]  The clerk's record was due February 23, 2026, but was not filed due to Appellants' failure to make payment arrangements for the record.  *See* TEX. R. APP. P. 35.3(a)(2).  By letter of March 5, 2026, we directed Appellants to pay for the clerk's record by March 16, 2026, or the appeal would be subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 37.3(b).  To date, Appellants have not made payment arrangements for the clerk's record, filed a response addressing the omission, or submitted a notice electing to file an appendix in lieu of a clerk's record pursuant to Rule of Appellate Procedure 34.5a.

Consequently, we dismiss the appeal for want of prosecution.  *See* TEX. R. APP. P. 37.3(b), 42.3(b).

Per Curiam

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE § 73.001.